The opinion of the court was delivered by
Breaux, J.
Plaintiff sued to recover six thousand four hundred and twenty and 14-100 dollars from the defendant, withlegal interest from judicial demand.
The court a qua entered a decree recognizing the plaintiff as the owner of the claims held by him.
The defendant does not ask for a reversal of the judgment, but prays that it be affirmed.
There is therefore no issue before us in so far as relates to the recognition of the plaintiff, as owner, by transfer from the original claimants of claims, against the city of New Orleans for the years 1881, 1882, 1884 and 1886.
In all other respects plaintiff’s demand was dismissed as in case of non-suit, without prejudice to the city’s rights to plead prescription against the claims or to urge any other defence hereafter, except that of want of ownership or title to the claims sued on.
The record discloses that there are no funds in the treasury for the years before stated, upon which warrants can be drawn in satisfaction of plaintiff’s claim.
The ordinances under which these claims became an indebtedness of the defendant contains the condition that they shall be warrantable and payable whenever there should be any money in the city treasury to the credit of the appropriate fund.
It is the law of the contract binding the original claimants and. their transferee.
The equities between the debtor and the present holder are not. closed for the reason that the claims are not negotiable and the-transferee has only such rights as the original claimants had.
In Neugass vs. City of New Orleans, 42 An. 169, this court held! “ all that the creditor could claim would be a warrant on the treasurer, to be paid out of the appropriated fund in the city coffers, in thei order stated in the ordinance.”
An absolute judgment against the city for the amounts was never-contemplated.
*1132 The relief sought can not be granted. The law in the cited case applies to the case at bar.
With reference to interest, it has been repeatedly decided that claims against the city of New Orleans do not bear interest until there is money in the treasury and the city refuses to pay.
Fernandez vs. City of New Orleans, 42 An. 1, with reference to the prescription pleaded:
These claims are not subject to prescription that the judgment applied for can interrupt.
The payment being suspended and made conditional to there being funds iu the treasury, the plea is ineffective until a right of action arises.
Th6 questions decided in this case were considered at some length in the case of Johnson vs. City, decided this day. 46 An. 714.
The case at bar being similar the same judgment must be pro - nounced. See also Wadsworth vs. City, 46 An. 545.
In so far as relates to prescription the judgment appealed from is amended.
It is ordered, adjudged and decreed that the judgment appealed from be amended by rejecting the plea of prescription, and in all other respects it is affirmed at appellee’s costs.
Rehearing refused.