KENNON, Judge.
This is a concursus proceeding filed by Kermit Youngblood and the Commercial Standard Insurance Company, who deposited a certified check for $2964.91 with the Clerk of Court of Caldwell Parish along with a petition stating that this amount was the entire balance still due by them as unsuccessful defenders in a tort action filed by Jesse E. Burke. The petition set forth that E. J. Davidson and A. H. Gerson had each caused a seizure to be made of the rights of Jesse E. Burke in this tort suit. The petition further related that on September 26, 1947, Jesse E. Burke had assigned to Nolan Justice and Hollis Cruse his interest and equity in all sums realized from his claim up to the amount of $3200.-00. The petition concluded with the prayer that Jesse Burke, his two judgment creditors, and his two assignees be required to answer and that the petitioners be relieved from further liability.
The judgment in favor of Davidson amounted to something over $200.00; that in favor of Gerson to something over $500.-00 and, upon petition of Justice and Cruse, the District Court permitted the withdrawal of $2000.00 by these assignees, leaving sufficient money in the registry of the Court to cover the claims of Davidson and Ger- *697 son, should these parties prevail in the present concursus proceeding'.
The answers of Davidson and Gerson asserted that the act of assignment from Burke to Justice and Cruse was without consideration; executed by the parties for the purpose of placing the proceeds of Burke’s tort action beyond the reach of his judgment creditors, and set forth in the alternative, in the event the Court should find the assignment was real and not a simulation, that Burke was insolvent at the time and the assignment gave an unfair preference to Justice and Cruse.
Burke disavowed any interest in the deposit, asserting that it was owned by Justice and Cruse by virtue of his assignment to them.
The District Court overruled an exception of no cause or right of action filed by Justice and Cruse in which it was urged that the judgment creditors had no right to attempt to set aside an assignment in a con-cursus proceeding, but rather should have filed a separate action, and gave judgment sustaining the validity of the assignment and further maintaining the plea of one year prescription as to the attack upon same as granting an unfair preference to Justice and Cruse over Burke’s other creditors.
The case is before us on appeal from that judgment.
Since Burke conceded that the assignment was valid and disclaimed any interest in the deposit, the case resolved itself into a contest over the funds between Davidson and Gerson, judgment creditors on the one side, and Justice and Cruse, assignees of Burke, on the other. Although these parties were all technically listed as defendants, they became, in fact, adversaries in the action and each is entitled, and required, to set forth his own claims and rights against all parties cited with him in the concursus proceedings. Each claimant may assert — against any other claimant— his claim in the same manner as he would be entitled to do had he been party plaintiff and the other claimants been party defendants. The District Judge therefore correct-ly overruled the exception of no cause or right of action.
Our finding of fact is that an assignment by Jesse E. Burke' to Justice and Cruse was made at a time when Jesse E. Burke was insolvent. Previous to giving the assignment herein sought to be set aside, Jesse E. Burke had deeded his house, furniture and automobile to his nephew, Nolan Justice, but retained possession and use' of house, furniture and automobile under contract of rental, he testified. Both Justice and Cruse testified that they had advanced money at different times to Burke. Each testified that at the, time the assignment was made, he paid to Burke in cash the difference between the amounts due him by Burke because of previous advances, inr eluding rent due by Burke to Justice on the house previously owned by Burke and sold to Justice, and the $1500.00 cash consideration recitedly paid by each to Burke at the time of the transfer. The portion of this total recited consideration of $3000.00, which was represented by the preexisting debt due by Burke, was more than the amount claimed by the appellees herein. Article 2658 of the Civil Code, which is under Chapter 13, entitled “Of the Giving in Payment”, provides that a debtor may, “although insolvent, lawfully sell for the price which is paid to him; but the law forbids to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due.”
In view of the above article, the portion of the assignment representing the preexisting debt from Burke to Cruse and Justice would have been ineffective as against Burke’s judgment creditors even if the assignment had been made in absolute good faith and without any plan, thought or intention of giving the assignees a preference over Burke’s other creditors.
The testimony as to the dates and sums of the particular loans, advances and rentals due by Burke to'Cruse and Justice was indefinite and inconclusive. The whole transaction was under such circumstances that we conclude that it would not amount to merely the giving of a preference of one creditor over another for securing a just *698 debt, to which Articles 1983 and 1987 of the Civil Code are appropriate, but that the assignment was given for an inadequate consideration and with the specific intention of defrauding Davidson and Gerson of their rights as creditors.
Our conclusion on this point is in accordance with the holding of the Supreme Court in the case of Gast v. Gast, 206 La. 285, 19 So.2d 138, 141:
“Article 1987, above quoted and which provides for the bringing of the action within one year from the date of the injurious transaction, speaks of a contract made for the purpose of securing a just debt and which contains no other cause of nullity than the preference given to one creditor over another. Because of the restrictive language thus used, the prescription of that article, obviously, is applicable only and limited to the situation contemplated by the aforeanalyzed Article 1983, i. e., where payment of a debt, justly due and owing, is secured with property approximately equal in value to the indebtedness and where there exists . constructive fraud because of the obligor’s insolvency of which the obligee had knowledge. It does not pertain to those contracts that are permeated with active, deliberate or malicious fraud, confect-ed by the parties with the intention of defrauding creditors; nor does it apply to those other acts specifically covered by Article 1989.”
In view of our finding of fact and the above quoted holding of the Supreme Court in the Gast casé, it is obvious that appellants’ attack on the assignment is not barred by the prescription of one year set forth in Article 1987, Revised Civil Code.
We next consider whether the rights of Davidson and Gerson have been prescribed under the general rule of prescription in revocatory actions.
Article 1994’ of the Revised Civil Code provides that the action brought by the creditor is limited to one year “to be counted from the time he has obtained judgment against the debtor.” The record is conclusive that neither Davidson nor Gerson had actual notice of the existence of the assignment until after the filing of the con-cursus proceedings. However, the Gerson judgment was rendered on July 16, 1946 and the Davidson judgment on February 18, 1947. The concursus proceedings were both served on January 28, 1949. The Ger-son and Davidson answers were filed on February 11th and 15th, 1949, more than a year after the respective judgments had been obtained.
In the case of Walter et al. v. Caffall, et al., 192 La. 447, 188 So. 137, 143, the rule that prescription does not run against one without knowledge of the existence of facts which would entitle him to bring a suit is stated in the following language:
' “This Court is of the opinion that the plaintiffs under the circumstances disclosed in this record come within the rule that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring a suit, when such ignorance is not wilful and does not result from negligence.”
In the case of McGuire v. Monroe Scrap Material Co. et al., 189 La. 573, 180 So. 413, 415, certain chattels were stolen from plaintiff, who had no knowledge who the thieves were. More than a year after the date of the theft he found the goods in the possession of defendants. The Supreme Court held that the one year prescription would not bar plaintiff’s action. We quote from that case:
“Prescription began to run against plaintiff’s action against these defendants on the day he discovered the fraudulent appropriation of his property. The doctrine or maxim, Contra non velentem agere non currit prescriptio, has been frequently upheld by this court, where from conditions the plaintiff could not possibly bring his suit. Cochran v. Violet, 38 La.Ann. 525; McKnight v. Calhoun, 36 La.Ann. 408; Fernandez v. New Orleans, 46 La.Ann. 1130, 15 So. 378; Succession of Farmer, 32 La.Ann. 1037. See, also, Liles v. Producers’ Oil Co., supra [155 La. 385, 99 So. 339, 342].”
Contention is made by counsel for Justice and Cruse that Gerson and Davidson are chargeable by notice of the assign *699 ment by virtue of the fact that same was attached to Burke’s suit which was-filed in Caldwell Parish on October 10, 1947. The Supreme Court held in the Walter-Caf-fall case, supra, that the fact that a document is annexed to a petition as part of the record of a lawsuit between other parties does not constitute notice of its existence as against those not parties to the lawsuit.
Article 1994 of the Revised Civil Code, reads as follows:
“Prescriptive period — Computation.— The action given by this section, is limited to one year; if brought by a creditor individually, to be counted from the time he has obtained judgment against the debtor; if brought by syndics or other representatives of the creditors collectively, to be counted from the day of their appointment.”
It is to be noted that the first clause of the above quoted article limits its effect to “the action given by this section.” In the case before us, the provision that the assignment is ineffective as being the giving in payment to one creditor to the prejudice of others of “any other thing than the sum of money due”, is contained in a different section- — and in different chapter — of the Revised Civil Code. Under these circumstances, it is doubtful that the limitation of one year in Article 1994 of Section 7 of Chapter 3, Title IV, is applicable to rights granted in Chapter 13 under Title VII.
In view of the fact that the articles of the Civil Code are read in conjunction with other articles on the same or similar subject, we would normally hold that the limitation contained in Article 1994, although in a different chapter and section from the article declaring the invalidity of the giving in payment would be applicable thereto, but the prescriptive article (1994) itself contains the language limiting its application to “the action given by this section” and there is, therefore, good reason to hold that the prescription is not applicable to rights granted in other sections of its own Chapter 3 of in other chapters of the Code.
However, an examination of Article 1994 must lead to the conclusion that, conceding that it is applicable to Article 2658 of the Code and to the facts of the case before us, its language is not such as to foreclose the judgment creditors from asserting the invalidity set up in the con-cursus proceedings.
In writing Article 1994, the framers of the Code evidently had in mind, primarily, cases in which the contract of the judgment debtor under attack would be one made prior to the obtaining of a judgment by the individual creditor or prior to the appointment of a syndic or other representative of the creditors collectively and the prescription therein provided. In cases where the judgment creditor obtained his judgment more than a year prior to the debtor’s execution of the allegedly- fraudulent contract, the beginning of the prescriptive period must necessarily be placed at the time when the contract came into existence or the time when the judgment creditor first became aware of the ex-isténce or execution of the allegedly fraudulent contract. This results in the application of the usual rule relative to prescriptive rights, namely, that prescription does not run against one who has no knowledge of the existence of his rights (except in -cases involving real estate where recordation creates a presumption of knowledge). If this interpretation were not made as to the time when prescription will begin, we would have a situation where the rights of the judgment creditor Gerson to attack the October, 1947 contract would have prescribed on July 16, 1947 (which was one year after he obtained his judgment but still three months before the contract came into existence). Applying the rule that all articles of the Code must be read and applied in conjunction with each other, and in order to give a reasonable meaning and a' sensible interpretation, it follows that Article 1994 constitutes no bar to appellants’ contention, as it must be interpreted to mean — in cases not involving real estate, where the judgment creditor has obtained judgment prior to the execution of the allegedly fraudulent contract — that the prescriptive period *700 cannot begin to run prior to the existence of the contract, which is the subject of attack in the suit to which prescription is pleaded, and in -cases involving personal contracts the prescriptive period does not begin until the time when the judgment creditor has actual knowledge of the existence or execution of the contract or the circumstances are such that he should be equitably charged with such knowledge.
The judgment appealed from is now annulled and set aside and judgment is now rendered ordering the Clerk of Court of Caldwell Parish, Louisiana to pay to A. H. Gerson the principal sum of $510.00, together with interest and costs provided in the writ of fi. fa. contained in the record, and to pay to E. J. Davidson the principal sum of $207.36, together with the interest and costs provided in the writ of fi. fa. contained in the record. The remainder of the money deposited in the registry of Court by the original plaintiffs herein shall be paid in equal proportions to defendants Hollis Cruse and Nolan Justice. Costs of the District Court to be divided equally among the four named defendants; costs of appeal to be borne by appellees.