170 So.2d 859

**William C. FATJO et al.**

v.

**Henry MAYER et al.**

No. 47291.

Jan. 18, 1965.

Simon & Trice, Lafayette, for relators.

Davidson, Meaux, Onebane & Donohoe, Lafayette, for respondents.

FOURNET, Chief Justice.

This suit was instituted by certain property owners[1] in Bendel Gardens, a sub-

---

1. The plaintiffs were William C. Fatjo, Ralph Bown, Jr., and J. Brooks Hamilton.

division of Lafayette, Louisiana, to enjoin defendant Henry Mayer[2] from operating a brokerage business from his home located in said subdivision in violation of certain restrictive covenants[3] contained in his title and is now before us on a writ of certiorari granted on the application of the plaintiffs and the intervenor[4], to review the judgment of the Court of Appeal affirming the judgment of the district court sustaining the defendant's plea of prescription and dismissing plaintiffs' and intervenor's suit. See, 162 So.2d 356.

 It is relators' contention that Mayer's activities were secretively and surreptitiously conducted so as to avoid detection and that they had no knowledge thereof until approximately six or eight months before this suit, and further contend that the prescription applicable does not begin to run until parties affected have a knowledge of the violation.

The evidence contained in the record convincingly supports the finding of the trial court and the Court of Appeal that the operations were not secretive and surreptitious and properly concluded the business alleged to be in violation of the restrictive covenants had prescribed under the provisions of R.S. 9:5622 (A).[5]

A study and analysis of the record reveal it is undisputed that Mayer moved to his residence at 407 Marguerite Street on July 1, 1960, and on the same day began the operation of his office at that address, which was in excess of two years before suit was filed on January 9, 1963. The defendant is a commissioned agent employed by Scharff & Jones of New Orleans and operates an office in his home in Bendel Gardens for the

2. Joined with Mayer as parties defendant were his employer, Scharff & Jones, Southern Bell Telephone & Telegraph Co., and its manager Joseph R. Oelkers, Jr., on plaintiffs' allegation that they conspired with Mayer to violate the covenants.

3. The covenants referred to are:
 "2. The use of said property, except as otherwise herein stipulated, is restricted for residential purposes, and no structures shall be erected, altered, placed or permitted on any lot other than a one or two-story detached single family dwelling, automobile garages and other appropriate outbuildings. * * *
 "3. No building shall be used for commercial purposes, and no business shall be operated within the said subdivision, except as otherwise herein stipulated."

4. The trial judge sustained Mayer's exception of no right of action to the plaintiffs' suit inasmuch as they were not residents of Section 1 of the subdivision wherein defendant resides. Before the judgment became final, however, Harold J. Delhommer, Jr., a property owner in that section, intervened, joining the plaintiffs.

5. R.S. 9:5622 "Restrictions in title to land
 "A. Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated."

principal purpose of dealing in the sale of bonds and while it is under the same roof and of the same architecture as the residence, it is separated therefrom by a porte-cochere, overlooking a swimming pool and lacks any exterior signs indicating the business being conducted therein. D. M. Landry, a neighbor who resides across the street, testified that when the building was being constructed Mayer showed him the blue prints for it, specifically pointing out the portion destined to be his office. The evidence further indicates, as was pointed out by the trial judge, that Mayer was rather proud of his office as he had shown it to his friends and social guests on numerous occasions. He also carried a listing in the telephone directory showing his business and residence address to be the same, counsel stipulating said listing appeared in the yellow pages of the telephone directories for Lafayette for the years 1960, 1961 and 1962.

The cases cited by counsel[6] in support of their argument that prescription has not accrued against the relators inasmuch as they became apprised of this business in a period of time less than two years are inapposite from both a legal and factual standpoint and are therefore not controlling herein, and consequently will not be discussed.

To hold as contended by relators would render R.S. 9:5622 meaningless, for, as was pointed out by the learned trial judge, every time a person not acquainted with Mayer's business activities would purchase property in Bendel Gardens, he would have a right to challenge Mayer's right to conduct them, thus leaving the property vulnerable to attack indefinitely, which is contrary to these express provisions of the statute: " * * * When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated," and to the well established jurisprudence of this state[7] that restrictive covenants contained in deeds in pursuance of a general subdivision plan whereby an ancestor in title sought to maintain standards and conditions, such as are here under consideration, must be construed stricti juris and every doubt in regard thereto must be resolved in favor of the unencumbered use of property.

For the reasons assigned, the judgment of the Court of Appeal affirming the judgment of the district court is reinstated and made the final judgment of this court. All costs in this court are to be paid by the relators.

---

6. Agurs v. Holt, 232 La. 1026, 95 So.2d 644; Youngblood v. Burke, La.App., 43 So.2d 695; Walter v. Caffall, 192 La. 447, 188 So. 137; McGuire v. Monroe Scrap Material Co., 189 La. 573, 180 So. 413.

7. Munson v. Berdon, La.App., 51 So.2d 157; Lillard v. Jet Homes, Inc., 129 So.2d 109; Chexnayder v. Rogers, La. App., 95 So.2d 381; Salerno v. De Lucca, 211 La. 659, 30 So.2d 678; also see 26 C.J.S. Deeds § 163, p. 1094 et seq.