95 So.2d 381 (1957)
Edward Paul CHEXNAYDER
v.
Herbert L. ROGERS.
No. 20851.
Court of Appeal of Louisiana, Orleans.
May 27, 1957.
McCloskey & Dennery, New Orleans, for defendant-appellant.
Felicien Y. Lozes, New Orleans, for plaintiff-appellee.
REGAN, Judge.
Plaintiff, Edward P. Chexnayder, as an owner of property located in Oak Park Subdivision, instituted this suit against the defendant, Herbert L. Rogers, also an owner of property in the same subdivision, endeavoring to preliminarily enjoin him from constructing a doctor's office, pharmacy and cafeteria on his property in violation of a restrictive covenant running in favor of all other property within the subdivision.
Defendant pleaded the exceptions of no cause or right of action which were referred *382 to the merits and then answered admitting the existence of plans for the construction of the facilities enumerated hereinabove, and then asserted, in justification thereof, that his property[1] has been continuously used for commercial purposes from October of 1951 to the present time in violation of the covenant and, therefore, since more than two years have elapsed from the inception of commercial operations on the property, the restrictions contained in defendant's title are now prescribed and the property is consequently free thereof.
From a judgment in favor of plaintiff, as prayed for, defendant has prosecuted this appeal.
The facts are relatively simple and undisputed. Plaintiff and defendant each own property, within a short distance of each other, in "Oak Park Subdivision" located in the City of New Orleans. Defendant's property is subject to a restrictive covenant running in favor of other property within the subdivision which reads:
"A. No building or any portion of said premises in said area shall be used and no building shall be erected hereafter or structurally altered thereon except for one or more of the following purposes: Residences, churches, doctor's offices and/or clinics."
At the time that the restrictions were imposed on this property, it was being used as a real estate office and since October of 1951, it has been used, in part, as a pharmacy. This use has not been surreptitious, but on the contrary has been "open and notorious" during the entire period. The trial court also found as a fact that the restrictions placed upon this property have been violated by the establishment, initially, of a real estate office and subsequently, of a pharmacy.
In view of the foregoing undisputed facts, defendant insists that the property is now free of the restrictive covenant and points to LSA-R.S. 9:5622 in support thereof, which reads:
"Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated."
Plaintiff on the other hand, concedes that the restrictive covenant has been violated by the defendant in excess of two years, by the operation of a pharmacy[2] on the premises, and therefore, by virtue of the plain language of the statute, the defendant has acquired the legal right to operate a pharmacy; but he then rationalizes that it was the intention of the legislature to limit the running of prescription to the particular violation, that is, to limit defendant's right so acquired to the mere operation of a pharmacy, and therefore it was never the legislature's intent to permanently free the property from the restrictive covenant so as to permit an extensive commercial use thereof, such as the operation of a large drugstore and restaurant or cafeteria.
The only question posed for our consideration is one of law and that is, whether defendant's property, by virtue of the provisions of LSA-R.S. 9:5622, is forever free from the restriction that he can only use the property for the four limited purposes set forth in the restrictive covenant.
*383 It is too well settled to require citation in support thereof that stipulations contained in restrictive covenants are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property. Here, there is no doubt to be resolved. The restriction against use for general commercial purposes has been violated in excess of two years; therefore, in conformity with the unequivocal language used in the last sentence of the statute[3], the defendant, predicated on the evidence in this record, is entitled to a judicial declaration that his property is now free from the restriction that he can only use the property for the four limited purposes set forth in the restrictive covenant[4]. If we were to reason otherwise, we would be invading the field of government and legislating rather than functioning as judges and applying the law as we find it.
For the reasons assigned the judgment appealed from in favor of plaintiff, Edward Paul Chexnayder, and against the defendant, Herbert L. Rogers, ordering that a preliminary injunction issue herein, enjoining and restraining defendant, Herbert L. Rogers, from building, constructing or erecting a restaurant or cafeteria on the parcel of ground owned by the defendant is reversed, and the rule for a preliminary injunction is recalled; and it is now ordered that the matter be remanded to the district court for a trial on the merits hereof and in conformity with the law made and provided therefor.
The costs of this appeal are to be borne by the plaintiff; all other costs are to await the final disposition of the matter.
Reversed and remanded.
NOTES
[1] The defendant's property is classified as "E-Neighborhood Shopping" under the Comprehensive Zoning Ordinance of the City of New Orleans, No. 18,565 C.C.S.
[2] Plaintiff has emphasized that the operation of a pharmacy on the premises should be considered as only a minor nonapparent infraction of the covenant.
[3] "When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated."
[4] In reaching this conclusion we have not over-looked the case of Salerno v. De Lucca, 1947, 211 La. 659, 30 So.2d 678. A case is only authority for what it decides. It is our opinion that the ratio decidendi thereof is not applicable to this matter.