**John Wendell WARNER et al.,**
**Appellants,**

v.

**Mrs. Helen WALSDORF, wife of and Dr.**
**Edward Allen John, Appellees.**

**No. 18157.**

United States Court of Appeals
Fifth Circuit.

April 22, 1960.

Rehearing Denied May 21, 1960.

Arthur C. Reuter, Trial Attorney, Clarence F. Favret, Reuter & Reuter, New Orleans, La., for defendants-appellants.

Moise W. Dennery, A. J. Waechter, Jr., McCloskey & Dennery, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Moise W. Dennery, New Orleans, La., Trial Attorney, for plaintiffs-appellees.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

PER CURIAM.

The appellees, residents of Ohio hereinafter referred to as plaintiffs, brought an action under 28 U.S.C.A. § 2201, for a declaratory judgment against a number of defendants, all residents of Louisiana. The plaintiffs alleged ownership

of property in Oak Park Subdivision, Orleans Parish, Louisiana, which has been subjected to a restrictive covenant that,

"No building or any portion of said premises in said area shall be used and no building shall be erected hereafter or structurally altered thereon, except for one or more of the following purposes: Residences, churches, doctor's offices and/or clinics."

The plaintiffs have made a lease of a portion of the property to an oil company for the operation of an automobile service station. The complaint showed that the defendants, who were residents and property owners of the area, threatened to seek an injunction against the erection and operation of the service station. The plaintiffs averred that the property had been continuously used for commercial purposes for more than two years and therefore, under the provisions of the LSA–Revised Statutes of Louisiana, Title 9, Section 5622,[1] the property was free from the restriction. After the denial of a motion to dismiss filed by the defendants, they answered, asserting that the jurisdictional amount in controversy was not present and denying most of the plaintiffs' allegations. The plaintiffs moved for summary judgment.

It was shown that the property involved was the same property as that in a suit brought in the Louisiana court a few years earlier where the same restrictive covenant was held to have been prescribed by two years continued violation. Chexnayder v. Rogers, La.App. 1957, 95 So.2d 381. The transcript of testimony in the state court suit was before the district court. The uncontradicted evidence showed that the facts presented as to the violation of the covenant were the same as in the state court suit. The district court, finding itself bound by the Chexnayder case as a rule of stare decisis which Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, required it to follow, found that the property was free from all conventional restrictions including the restriction for the limited uses to which the property could be put. Having so found, a judgment was entered decreeing that the restrictive covenants were ineffective as to the property of the plaintiffs described, and the property might be used for any legally permitted business purpose. The defendants were enjoined from attempting to enforce the covenant by suit.

The defendants appealed, saying that the case of Chexnayder v. Rogers, supra, was not controlling and that there were controverted issues of fact which precluded the entry of a summary judgment. The rulings of the district court on these questions are free from error. We think it unnecessary to discuss the other questions raised further than to say that they have been considered and found to be without merit. The judgment of the district court is

Affirmed.

1. "Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated."