136 So.2d 325 (1962)
Blaine P. OLIVIER, A. J. Gumina, Jr., and Harold M. Myers
v.
Roy J. BERGGREN.
No. 196.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1962.
*326 Ogden, Woods, Henriques & Rives, Charlton B. Ogden, II, Trial Atty., New Orleans, for defendant-appellant.
Floyd W. Newlin, Metairie, for plaintiffsappellees.
Before YARRUT, SAMUEL and JOHNSON, JJ.
JOHNSON, Judge.
Plaintiffs and defendant are property owners in Harlem Subdivision in Jefferson Parish. On the suit of plaintiffs, defendant was permanently enjoined from using, as such, a double dwelling owned by him in that subdivision and was ordered to comply with applicable title restrictions by altering the building to a single family dwelling. From that judgment defendant prosecutes this suspensive appeal.
Plaintiffs allege that Harlem Subdivision was created and subdivided under a general and uniform plan of development. In November, 1952, the developer executed and recorded stipulations of restrictive use covenants and each of the plaintiffs acquired a lot and now resides thereon. A copy of the declaration establishing the building restrictions is attached to the petition and we quote the following portion:
"No lots shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single-family dwelling not to exceed two and one-half stories in height and a private garage for not more than three cars."
The petition further alleges that the defendant acquired by purchase lot N-l of Square 78 in said subdivision on November 5, 1959, subject to all the title restrictions and covenants; that there was erected on said lot a double residence with two entrances, two municipal street numbers and two utility meters and that defendant intends to use and occupy said building as a double residence, all in violation of that particular title restriction which provides for only single family dwellings.
Defendant's answer admits that he purchased the subject lot on November 5, 1959, *327 but denies that his acquisition was subject to all the building restrictions. The answer admits that there is a double residence on that lot, and alleges further that the building restrictions do not pertain to his property for two reasons: (1) that in excess of two years preceding the institution of this action the property was used as a commercial site in open violation of the restriction and any action in support of the building restriction has been prescribed or preempted, and (2) that petitioners have waived their right to bring this action because of their failure to timely protest about the general and continuous violations of the building restrictions in Harlem Subdivision.
In the alternative, defendant pleads that the plaintiffs should not be granted the relief sought, because they had full knowledge that a double residence was being constructed for the benefit of defendant in November, 1959, and allowed defendant's vendor and his contractors to proceed until completion before bringing this action.
Defendant further pleads that the said subdivision is in a zone of transition and that the Jefferson Parish Planning Department in the exercise of its police power granted the right to defendant's vendor and contractor to construct a two-family dwelling on said lot.
Inasmuch as the defendant has admitted a building was constructed which he intended as a two-family double dwelling, that much of plaintiffs' complaint is not in controversy.
Likewise there is no contention by defendant, in addition to his bare allegation, that there has been general and continuous violations of building restrictions in that subdivision. There is no evidence whatsoever offered to that effect. The evidence presented by defendant is confined strictly to prove only one violation prior to his construction of the two-family dwelling and that one violation, he contends, was by Robert A. Louviere in the alleged use openly for more than two years of Louviere's own residence and of the adjoining lot N-l, before defendant bought it, for commercial purposes. Defendant's counsel argues that the result of such use is to free lot N-l from all restrictions of whatever kind or nature.
It will be appropriate first to dispose of the argument that the use of defendant's lot N-l, continuously for more than two years for a commercial purpose has had the effect in law to free that lot and the two-family dwelling constructed thereon from any and all restrictions in the subdivision. We grant the fact of such continuous use (without admitting it) for the purpose of argument, in order to explain the law.
The applicable portion of LSA-R.S. 9:-5622 reads as follows:
"A. Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated." (Emphasis ours.)
In the case of Salerno v. DeLucca, 211 La. 659, 30 So.2d 678, 680, the defendant was enjoined from erecting or maintaining a commercial building on his property in a subdivision subject to the restriction prohibiting commercial use. Defendant was using the property as a restaurant and post-office. Long prior to the erection and use of the restaurant and post-office building on the property, there had existed a sign or billboard, the presence and continuance of which was not mentioned in the injunction proceedings. A year or so later this suit was filed in the nature of a contempt rule to have the defendant held in contempt of court for not removing the signboard after the injunction issued against the operation of a commercial business on the lot. The defendant was held in contempt and ordered to remove the sign. The Supreme Court set *328 the contempt ruling aside on the ground that the removal of the signboard was not included in the injunction and was not contemplated in the judgment then rendered. However, after quoting Section 2 of Act 326 of 1938, which now forms the first paragraph of LSA-R.S. 9:5622, quoted above, the court further held:
"It is our opinion, therefore, that the respondents, having permitted the relator and his author in title to erect this signboard on Lots 1 and 2 of Square A in the Fairmont Park Subdivision of Gentilly and to maintain it uninterruptedly for a period of more than two years, these lots are freed of this particular restriction. See Edwards v. Wiseman, supra (198 La. 382, 3 So.2d 661)."
Counsel for defendant relies upon the case of Chexnayder v. Rogers, La.App., 95 So.2d 381, but the quotation in counsel's brief is taken from the syllabus of the published report of that case, and it is our interpretation of that decision by Judge Regan of this court, that the court did not hold that the violation of one restriction (the operation of a pharmacy) had the result to free the property not only from the restriction which had been violated for more than two years and to free said property from all other restrictions imposed on the subdivision.
The plaintiff in that case admitted that the defendant had used his property in the operation of a pharmacy for more than two years and contended that his future use would be confined strictly to the operation of a pharmacy. Defendant argued that a pharmacy is commercial enterprise and the operation of one commercial business freed the property to be used not only for all other commercial businesses but freed it from all restrictions whatsoever. The Court held that inasmuch as the case had not been tried on the merits, the defendant was entitled to a judicial declaration of that controversy and the case was remanded to the district court for trial on the merits. This decision does not even suggest what the answer should be and does not in any way support defendant's contentions here. We therefore conclude that if there has been any violation of the particular restriction prohibiting a commercial use the result would not be to free the property for all uses absolutely.
In the light of our decision in that respect it is not necessary to analyze the evidence on the subject of the prior use of the lot for commercial purposes. We agree, however, with the trial court that the evidence offered by the defendant to prove the commercial use by Louviere fell far short of what would be necessary to establish as a fact that either the Louviere property, or this lot N-l, had been used commercially for two years to prescribe this action. The testimony of some of defendant's own witnesses was definitely to the effect that no such situation had prevailed. There is a decided preponderance in favor of the contention of plaintiffs that the parking of a business truck most times in the street and sometimes on lot N-l and sending out some business bills by Louviere from his home did not constitute a commercial use in the sense intended by the restriction.
The defense further contends that the right to build the double dwelling was given by a permit issued by the Jefferson Parish Planning Department on November 4, 1959. That permit is in evidence and its contents attract some interest and curiosity. The permit is on a printed form with pertinent information supplied in the appropriate spaces by hand-writing. It is apparent that in the space for "Specific Occupancy." there was originally written "Single Res." Lines are drawn through this writing and there is inserted above the word "Double". In the space to show "Number of apartments" there was written "1-family". The figure "1" has a line across it and there is a blurred 2 following it and inserted above is the figure "2". The name Felicia Fazzino is signed to the certificate. He was not called as a witness. Several witnesses were interrogated about these changes in the certificate but none of *329 them could explain the changes. This certificate could not authorize this defendant to construct and use a two-family dwelling for two reasons. One reason is, there is printed at the bottom of the certificate this stipulation: "The issuance of this permit does not release the applicant from the conditions of any applicable subdivision or title restrictions." The other reason is, that in the case of Alfortish v. Wagner, 200 La. 198, 7 So.2d 708, where this very question was at issue, the Supreme Court held that the City of New Orleans could not change, by use of the zoning law, the title restriction for use of lots developed by a uniform plan for residential purposes exclusively, and cited 26 C.J.S. Deeds § 171, p. 577, and cases there cited. Therefore, when the planning director for the Parish of Jefferson wrote the letter that this lot and other lots adjacent presently zoned single family residential were in a state of transition and could be used for two-family purposes, he definitely exceeded his lawful authority. There is no merit to this defense.
For the reasons assigned, the judgment of the lower court is affirmed; defendant to pay all costs.
Affirmed.