CULPEPPER, Judge.
This is a suit to enjoin the violation of certain building restrictions. The district judge sustained defendant’s motion for summary judgment, dismissing plaintiff’s suit, on the grounds that the suit was filed too late under the provisions of the restrictive covenants themselves. Plaintiffs appealed.
*383 As shown by plaintiffs’ petition, and certain affidavits filed by defendant in support of his motion for summary judgment, the facts are as follows: Plaintiffs are owners of Lots number 39 and 66 respectively in the Indian Hills Subdivision to the city of Opelousas. Defendant is the owner of Lot number 2. Lots number 1 through 72 of the subdivision are subject to certain building restrictions which were duly recorded in 1948 and 1949 at the time the subdivision was initiated. These restrictions read in pertinent part as follows:
“The vendor has opened and developed a subdivision containing seventy-two (72) lots, for residence purposes only
H* H* N* H* *1» sfc
“It shall be lawful for any other person or persons owning any real property situated in said subdivision to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenant and either to prevent him or them from so doing or to recover damages or other dues for such violation.
H* íjí s|j
“All lots in the subdivision shall be known and described as residential lots, and used for no other purpose.
“No structures shall be erected, altered, placed, or permitted to remain on this lot other than one detached single-family dwelling not to exceed two and one-half stories in height and private garage for not more than two cars and no other outbuildings incidental to use of the plot. The plot plan showing location of such buildings shall be approved in writing, as to conformity and harmony of external design with structures to be located in the subdivision, and as to location of the building with respect to topography and finished ground elevation, by a committee composed of Joseph D. Devillier, Joe Sliman and Mrs. George F. Dejean, Jr., or by a representative designated by a majority of the members of said committee. In the event of death or resignation of any member of said committee, the remaining member or members shall have full authority to approve or disapprove such design and location, or to designate a representative with like authority. In the event said committee, or its designated representative, fails to approve or disapprove such design and location within thirty days after said plans and specifications have been submitted to it, or, in any event, if no suit to enjoin the erection of such building or the making of such alterations has been commenced prior to the completion thereof, such approval will not be required and this covenant will be deemed to have been complied with. * * * ”
In November of 1962 the defendant commenced the construction of a commercial' building on Lot 2. It does not appear that the committee, referred to in the above quoted portion of the building restrictions, approved or disapproved of the design or location of the building or that the committee was requested to take any action whatsoever. The building was completed on April 10, 1963 and, effective as of April 14, 1963, was leased to a department store and discount store for a term of 10 years at a monthly rental of $740. This suit was-filed on April 25, 1963 to enjoin the use of the building for commercial purposes and to order the removal of the building, or its-reconstruction so as to conform to the building restrictions.
It is the contention of the defendant that, since this suit was not filed until after the building was completed, it was filed too late under that portion of the above quoted' building restrictions which reads: “ * * * in any event, if no suit to enjoin the erection of such building * * * has been commenced prior to the completion thereof, such approval will not be required and this covenant will be deemed to have been,complied with, * * * ” In support of-' *384 this argument defendant cites the well established jurisprudence that the law favors free and unrestrained use of realty and building restrictions, being in derogation of such use, are construed stricti juris so that any doubt is resolved in favor of the unrestricted use of the property. McGuffy v. Weil, 240 La. 758, 125 So.2d 154; Salerno v. DeLucca, 211 La. 659, 30 So.2d 678. Under this rule of construction in favor of the unrestricted use of the property, it is the contention of the defendant that the words “such building” contained in the clause “ * * * if no suit to enjoin the •erection of such building * * * has been commenced prior to the completion thereof, * * * ” refers to any type of “structures”, commercial, residential or otherwise. Defendant argues under this language that, regardless of the type of structure, suit to •enjoin the erection or use thereof must be commenced prior to completion of the building.
We cannot follow defendant’s argument. We agree with the plaintiff that the clause in question, requiring that suit be filed before the building is completed, must be considered in context with the entire instrument. When so considered, the words “such building” clearly refer to single family dwellings and appurtenant private garages, which are the only types of buildings permitted and the only buildings as to which action by the committee is waived unless suit is filed before completion. The very first sentence of the building restrictions states: “The vendor has opened and developed a subdivision containing 72 lots, for residence purposes only, * * * ”. Further on in the restrictions it is again stated: “All lots in the subdivision shall be known and described as residential lots, and used for no other purpose. The provisions for a committee to approve or disapprove the design and location of “such buildings” was clearly to effect “conformity and harmony of external design” as to the dwellings constructed in the subdivision. As a protection, in the event the committee did not act, it was provided that “ * * * in any event, if no suit to enjoin the erection of such building, (meaning a single family dwelling) * * * has been commenced prior to completion thereof, * * * ” then this covenant, i. e., the covenant requiring approval or disapproval by the committee, would be deemed to have been complied with. We do not think the building restrictions as a whole can be construed to mean that if the committee did not act, then any type of commercial building, filling station, junk yard or other objectionable establishments, could be erected and used, unless suit was filed before the completion thereof.
In the similar case of Salerno v. DeLucca, 211 La. 659, 30 So.2d 678 the court recognized that building restrictions are stricti juris but stated the following rule of interpretation which is applicable here:
“Although these stipulations are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property, whenever differences arise as to the extent or limitation of these restrictions, we must look to the intention of the party encumbering the property from the words used in the stipulations in the deed, consideration being given to the entire context of the instrument rather than to a single phrase or clause, for obviously those acquiring the property in the restricted area were motivated and influenced to purchase the same because of these limitations and they are entitled to the presumption that they will be fairly and faithfully complied with.”
Applying this rule of interpretation to the present case, we think a consideration of the entire instrument shows clearly the intention of the developer of this subdivision was to provide that the 72 lots could be used for residential purposes only and that no structures other than single family dwellings with appurtenant private *385 garages could be erected or used on said lots. The provision for filing suit before completion of “such building” applies only to dwellings. Suits to enjoin the erection or use of commercial buildings are not prescribed by the covenants themselves. (Of course, all suits to enforce building restrictions are prescribed in 2 years under LSA-R.S. 9:5622(A)).
Although defendant’s motion for summary judgment stated only one ground, i. e., that the suit was not timely filed, the defendant makes an additional argument that due to the construction of many commercial buildings adjacent to the subdivision in question, the character of the neighborhood has been so changed that the reasons for enforcement of the covenants restricting the use of the property to residences only, no longer exist and therefore they cannot be enforced. Munson v. Ber-don, La.App., 51 So.2d 157, and the authorities cited therein.
This latter argument by defendant is actually not properly at issue under the motion for summary judgment. This was not a stated grounds in the motion itself and consequently the plaintiff made no attempt to file opposing affidavits, introduce evidence, etc. Furthermore, the only things in the record to support defendant’s position are certain pictures which show adjacent commercial development, but none within the subdivision itself, except defendant’s recently constructed building. It is our opinion that these pictures are not conclusive and that a genuine issue as to material facts exists. Therefore, this latter issue cannot be determined by motion for summary judgment. LSA-C.C.P. Art. 966; Kay v. Carter, 243 La. 1095, 150 So.2d 27.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered that this case be remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant appellee.
Reversed and rendered.