188 So.2d 721 (1966)
Robert K. MARQUESS et al., Plaintiffs-Appellees,
v.
Donald Davis BAMBURG and Mary Alice Jowers Bamburg, Defendants-Appellants.
No. 10604.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
Rehearing Denied August 4, 1966.
*722 Hendrick, Fant & Sexton, Shreveport, for appellants.
Nelson & Evans, Shreveport, for appellees.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
This is an action to enjoin defendants from operating a commercial business in their residence in violation of restrictive covenants applicable to defendants' property. Plaintiffs and defendants are the owners of real property within a subdivision in Caddo Parish, Louisiana, known as Replat of South Broadmoor Subdivision, Unit 2. Following the issuance of a preliminary injunction judgment was rendered granting a permanent writ of injunction restraining defendants from operating a commercial beauty shop establishment on their premises and from using their property for any purpose other than residential use. From this judgment defendants have appealed.
On April 1, 1960 South Broadmoor Corporation, a subdivider of South Broadmoor Subdivision, Unit 2, imposed restrictions upon the use and improvement of the property lying within that subdivision and recorded such covenants in the public records of Caddo Parish, Louisiana. One of these covenants, Article I thereof, provided that: "No lot shall be used except for residential purposes."
Defendants acquired their property by deed dated September 10, 1965. After receipt of information that defendants proposed to operate a beauty shop in their home, on August 20, 1965, counsel for plaintiffs, by certified mail, sent a letter to defendants containing a formal objection on behalf of plaintiffs to defendants' proposed use of their property. After the defendants had accepted occupancy of their home Mrs. Bamburg began to operate the beauty salon, which act prompted plaintiffs on October 27, 1965 to request discontinuance of the beauty shop. When defendants refused to comply with plaintiffs' requests this suit was filed on November 16, 1965.
Defendants admit the operation of a beauty shop but insist that Mrs. Bamburg conducts her business unassisted in one small room of their home and devotes only four days a week to such operation, that defendants do not commercially solicit customers, and that there is no external evidence that their home houses a beauty salon.
The primary, if not the sole issue presented herein, is whether, vel non, the restrictive covenant must be considered as abandoned and inoperable by reason of frequent and repeated violations by the property owners residing within the subdivision. *723 The additional contention is made before this court that the operation of the beauty parlor by Mrs. Bamburg qualifies such operation as a "home occupation" use under the zoning restrictions and regulations of Caddo Parish and the City of Shreveport. Although we do not dispute the correctness of this argument we are of the opinion it has no relevancy herein in which the issue involves a conventional limitation of use placed on the property independent of the municipal or parish zoning regulations. Defendants' operation may not violate the municipal residential zoning restrictions, but admittedly, it is in violation of the convention restrictions of residential use applicable to the property.
It is the well established jurisprudence of this state that when restrictive covenants have been inserted in deeds by a common ancestor in title such covenants are real rights that run with the land for the benefit of the landowners, and injunctive proceedings may be resorted to to prevent violations of these restrictions. Salerno v. De Lucca, 211 La. 659, 30 So.2d 678 (1947); Clark v. Reed, La.App., 122 So.2d 344 (2nd Cir. 1960); Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1960). Such covenants, however, may become unenforceable when the property owners can be regarded as having abandoned the scheme or plan of development which the restrictions were designed to implement. When this occurs the abandonment is evidenced by frequent and numerous violations by the property owners. Edwards v. Wiseman, 198 La. 382, 3 So.2d 661 (1941). In Edwards an abandonment of the restriction was recognized. There, the covenant provided each residence built on a corner lot must front on Atlantic Avenue in accordance with a recorded map of the subdivision. It was determined that the residences erected on six of the seven corner lots located on Atlantic Avenue subject to the restriction fronted on streets other than Atlantic Avenue. Additionally it was found that on twenty-three of twenty-eight corner lots within the subdivision, the residences fronted on streets other than the street designated on the subdivision map. In determining whether the restriction has been abandoned by the property owners, it is essential to consider the number and the nature of the violations and their proximity to the objecting residents. Appropriate discussion of this question is to be found in 26 C.J.S. verbo Deeds § 169, p. 1164 and in 14 Am.Jur. § 295 § 298. These authoritative comments received the approval of the Supreme Court in Guyton v. Yancey, supra.
"The character, as well as the number, of claimed violations must be considered in determining whether the complaining property owners have waived or forfeited the benefit of a restriction. Where an owner has permitted or acquiesced in so many violations of the restriction, or such violation, without objecting thereto that the plan may fairly be said to have been abandoned, he cannot thereafter object to a subsequent violation; waiver has been held not to result unless there have been general and multiple violations without protest. On the other hand, if violations have not been permitted to such an extent as to evidence an abandonment of the plan, a party will not be prevented from objecting to further violations by the fact that he has not objected to previous violations by others, particularly where such violations did not immediately affect the enjoyment of his own premises, or where they were trivial, or minor, in character as compared with those complained of; and the fact that plaintiff has acquiesced in, or has not objected to, a violation committed by defendant does not estop him to prevent an additional or enlarged violation. * * *" [26 C.J.S. verbo Deeds § 169, pp. 1164-1166]
"Whether there has been such acquiescence as to defeat the enforcement of a restrictive covenant depends upon the circumstances of each case, and the character and materiality of the permitted breach. It has been asserted as a general principle that as long as the restrictive agreements are of any value to the party *724 possessing rights thereunder, he may enforce them. This would seem to be subject to the condition that there has not been an entire change in the neighborhood.
* * * * * *
"Nonobjection to trivial breaches of the covenant does not result in loss of the right to enforce the convenant by injunction. Generally, acquiescence in violations of a restrictive covenant which are immaterial and do not affect or injure one will not preclude him from restraining violations thereof which would so operate as to cause him to be damaged.
"The minor character of the violations has been emphasized in cases sustaining the right to enforce the covenant. * *"
* * * * * *
"It is sometimes made a condition of the nonenforcement of a restrictive covenant that the acquiescence or waiver result in an abrogation of the purpose of the restriction and an alteration of the general scheme, or, as sometimes said, a change in the neighborhood. * * * Notwithstanding acquiescence in other violations of a building line restriction, an owner of property will not be denied equitable relief to enforce it if the restriction can be shown to be of value to him and such breaches have not resulted in a subversion of the original scheme of development resulting in a substantial, if not an entire, change in the neighborhood." [14 Am.Jur. §§ 295-298]
The Supreme Court in the cited case held that the scheme of development of the subdivision as conceived and established by the subdividers had in no manner been abandoned or discarded and plaintiffs were entitled to injunctive relief where they as homeowners would be materially and adversely affected in the enjoyment of their homes by the violation of a setback restriction. The court found that as to five of the alleged violations four of these were relatively minor in nature and could not be said to be substantial.
In the South Broadmoor Subdivision, Unit 2, residences have been constructed on seventy of approximately one hundred and ninety lots located within the subdivision. Seven of the residences were unoccupied at the time this suit was filed. The defendants have tendered proof as to nine alleged violations of such covenant. These involve residences owned by two building contractors who use their home address as their business address; a lady realtor who uses her home as her business address; four residents who are representatives or salesmen of drug or food companies, and have no office address other than their home address; an employee of an optical company who grinds lenses at his home during his free time; and a housewife who gives piano lessons. The drug and food salesmen customarily store their samples in their residential premises. The contractors and lady realtor primarily utilize their home telephone for business purposes, although the contractors keep their books at their home offices. Although these instances may be considered violations of the covenant, apparently they have not been sufficiently objectionable to require legal action by their neighbors. The residences referred to are scattered over several blocks and only three of the violations referred to appear to be located on the same street as that of most of the plaintiffs herein, that is, on Peyton Cloquitt Place.
It is our conclusion, after considering all of the infractions pointed out and relied on by the defendants that the scheme of development of Unit 2 of the South Broadmoor Subdivision, as conceived and established by the subdividers, has in no manner been abandoned or discarded.
For the reason assigned the judgment of the lower court is affirmed at appellants' cost.
Judgment affirmed.