MILLER, Judge.
Plaintiff landowner sued for a declaratory judgment to set aside a restrictive covenant which prohibited commercial buildings on his 10.54 acre tract of land. Defendants are the parties who sold the property to plaintiff with the provision that plaintiff, his heirs and assigns would “ * * * construct or erect on the above described property nothing other than a residence or residences * * [1] The trial court held that the existence of a three panel signboard on a small portion of the tract for a two year period freed the entire tract for unrestricted commercial use. Defendants appealed and we reverse.
The case was submitted for decision on stipulated facts. In 1946, plaintiff purchased from defendants 10.54 acres of land located north of and near the city of Crowley. The western boundary of 448 feet fronts on State Highway 13 which leads from an Interstate 10 interchange into the Crowley business district. The east boundary of 404 feet fronts on Cherokee Road. The north boundary of 1235.4 feet borders the Acadia Parish School Board property and the south boundary of 1040 feet borders one or more of the defendants’ property.
On January 11, 1965, Lamar Advertising Company rented space from plaintiff to erect three panels of outdoor signboard advertising. The signs were erected immediately thereafter. The annual rental of $60 has been and is being paid. The signs are on one structure located about 183 feet south of the northwest corner of the property. Each of the three panels is about 12' by 25'. One faces northbound traffic on Highway 13 and two face southbound traffic on Highway 13. A Burger King restaurant fronts Highway 13 one tenth of a mile south of this property. Other business establishments as well as fine residences are located near the property.
Plaintiff does not question the validity of the residential use restriction. He contends that LSA-R.S. 9:5622(A) applies; that the display of the signboards constituted a commercial use of the property; that this use has existed in excess of two years; and therefore the entire property is freed from the restriction.
Defendants-appellants (plaintiff’s ancestors in title) contend that the existence of the signboards are not such a commercial use as would have the effect of lifting the residential restriction. We do not reach defendants’ alternative contention.
LSA-R.S. 9:5622(A) provides that:
“Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.”
The trial court reviewed the holdings in the cases of Salerno v. DeLucca, 211 La. *117 659, 30 So.2d 678 (1947); Chexnayder v. Rogers, 95 So.2d 381 (La.App.Orls.1957); Olivier v. Berggren, 136 So.2d 325 (La.App. 4 Cir. 1962), and LeBlanc v. Bowen, 238 So.2d 369 (La.App. 4 Cir. 1970). Based on these cases it was held that the use of a small part of the property for a commercial purpose in violation of a restrictive covenant prohibiting such use, which continues for a period in excess of two years, frees the entire property from the restriction. LeBlanc v. Bowen, supra, supports this conclusion, but we do not find that the statute or the remaining cited cases require this result.
In the LeBlanc case, the court held that the restriction against commercial buildings was nullified by prescription [LSA-R.S. 9:5622(A)] where the property had been used for four years by a neighboring trailer sales business to “partially park” trailers on the restricted property and the restricted property had been continuously used to move trailers onto and off the neighboring property. Salerno v. DeLucca, supra, was cited as supporting this result. In our opinion the Salerno case supports only the conclusion that the particular parcel of land which had been used in violation of the restriction is free from the commercial restriction.
In Salerno v. DeLucca, 211 La. 659, 30 So.2d 678 (1947), a signboard had existed on certain lots restricted for residential use since 1941. In 1944 defendant bought the property and started construction of a commercial building. In 1945 defendant was enjoined from “erecting a commercial building on the lots owned by him”. More than a year later plaintiffs brought contempt proceedings against defendant for his alleged violation of the injunction in permitting the advertising sign to remain on the property. The only issue presented concerned the contempt proceedings. No mention of the signboard was made in the injunction proceedings and therefore there was no violation of the court order by the continuance of the sign on the premises.
The Salerno case did not hold that the presence of a signboard on restricted property for more than two years relieved the remainder of the property from its restriction to residential use. On the contrary, the presence of the signboard did not release the remaining property to commercial use.
The holding in Chexnayder v. Rogers, 95 So.2d 381 (La.App.Orls.1957) is reviewed and explained in Olivier v. Berggren, 136 So.2d 325 (La.App. 4 Cir. 1962) at 136 So. 2d 328. It was there concluded that “if there has been any violation of the particular restriction prohibiting a commercial use the result would not be to free the property for all uses absolutely.”
In Wooley v. Cinquigranna, 188 So.2d 701 (La.App. 4 Cir. 1966), the party seeking to void a residential restriction, contended that LSA-R.S. 9:5622 applied and that his activities over a nine year period freed his property from the “residential only” restriction. It was held that it was not a commercial use of his residence for this door-to-door salesman to receive weekly truck deliveries (over a nine year period) of cardboard cartons containing samples of his employer’s products. But it became a commercial use when added to the above activity, the salesman interviewed job applicants at his home. The suit to enjoin was filed within two years of the time he started the interviews, and the residential restriction was maintained.
Marquess v. Bamburg, 188 So.2d 721 (La.App. 2 Cir. 1966) did not consider LSA-R.S. 9:5622. But the Court upheld an injunction prohibiting use of a residence as a one operator beauty shop, notwithstanding numerous violations of the “residential only” restriction by other property owners in the subdivision. Examples of violations cited were two building contractors used their home address as their business address; a lady realtor used her home as her business address; four residents who are representatives or salesmen of drug or food companies, had no office *118 address other than their home address; an employee of an optical company ground lenses at his home during his free time; and a housewife taught piano at her home. The decision quoted from and relied on the Supreme Court decision in Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1961).
In Guyton v. Yancey, supra, the Supreme Court rejected the contention that all restrictions were abandoned because there were minor violations of the 80 foot set-back covenant. There were five violations noted but the largest violation was concerned with a deviation of only ten feet. The court found that these violations were not sufficient to hold that the restrictions were abandoned. The Supreme Court quoted with approval from 14 American Jurisprudence, Sections 295-298.
“Whether there has been such acquiescence as to defeat the enforcement of a restrictive covenant depends upon the circumstances of each case, and the character and materiality of the permitted breach.”
* * * * * *
“The minor character of the violations has been emphasized in cases sustaining the right to enforce the covenant. * * * ii
See also 26 C.J.S. verbo Deeds § 169, p. 1164.
The existence of the stand of three billboards is not a substantial violation of the restriction to residential use of the ten acre tract. Hence the two year prescription provided for in LSA-R.S. 9 ¡5622(A) did not operate to free the entire tract from the restriction against commercial use. This ruling follows the result reached in Salerno v. DeLucca, 211 La. 659, 30 So.2d 678 (1947) and Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1961).
And we find the result reasonable and proper. The contrary ruling would encourage litigation concerning each potentially minor violation, even though it might not be offensive to the parties who have the right to enforce the restriction. For if the potentially minor violation is not promptly enjoined, then the major restrictions would be voided. The rule of Guy-ton v. Yancey, supra, and cases following that decision, does not require litigation where the violations are minor.
The judgment of the trial court is set aside and reversed. Plaintiff’s suit is dismissed at his costs, both at trial and on appeal.
Reversed and rendered.

. The clause was taken verbatim, from the case of Ouachita Home Site & Realty Co. v. Collie, 189 La. 521, 179 So. 841 (1938).