341 So.2d 463 (1976)
Howard H. HARGRODER, Plaintiff-Appellee-Appellant,
v.
CITY OF EUNICE et al., Defendants-Appellants.
No. 5620.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Rehearings Denied January 26, 1977.
Writ Refused April 6, 1977.
*464 Olivier & Brinkhaus by Armand J. Brinkhaus, Sunset, J. Winston Ardoin, Eunice, for defendants-appellants.
Guillory, McGee & Mayeux by A. Frank McGee, Eunice, for plaintiff-appellee.
Tate & McManus by Kearny Tate, Eunice, for defendant-appellee.
Before HOOD, DOMENGEAUX and HUMPHRIES, JJ.
DOMENGEAUX, Judge.
Plaintiff, Howard H. Hargroder, brought this action seeking an injunction to enforce certain building restrictions against defendants, the City of Eunice and Plan Corporation. From a judgment granting injunctive relief, defendant, Plan Corporation, has appealed. The City of Eunice has not appealed. Plaintiff has answered the appeal requesting that certain zoning ordinances of the City of Eunice be declared null and void. We affirm the judgment of the trial court.
Some time during the mid-1950s one Lawrence C. Amy subdivided a large tract of land which he owned in Eunice, St. Landry Parish, Louisiana, designating same as the "Highland Heights Addition". Highland Heights Addition was divided into numerous blocks designated and identified by *465 use of the letters A through P. On May 28, 1956, Lawrence C. Amy executed and duly recorded an act whereby he placed certain building restrictions on Blocks A, C, and E, of the subdivision. Restriction I of the act provides as follows:
"I. The use of the lots herein sold is restricted exclusively to residential purposes."
On November 1, 1956, Mr. Amy executed and recorded an act entitled "Amendment to Residential Area Covenants" whereby he extended the building restrictions to Blocks B, D, F, G, and H, as well as Blocks A, C, and E, which were covered by the previous restrictions. Restrictions C-1 of the amendments provides:
"LAND USE AND BUILDING TYPE. No lot shall be used except for residential purposes ..."
Both the original restrictions and the amendments contain numerous additional provisions relating to dwelling cost and size, building location, temporary structures, etc.
On June 29, 1971, the City of Eunice rezoned the north part of Block A of Highland Heights Subdivision from R-1 (residential) to B-1 (business). In October of 1972 Plan Corporation purchased all of said Block A. In 1973 the City of Eunice rezoned the south part of Block A from R-1 to B-1. In May of 1974 Plan Corporation began construction of a certain commercial building on the north part of Block A. On June 19, 1974, plaintiff, a resident-landowner in Block C of Highland Heights Subdivision, instituted this action to enjoin said construction and to further declare the city zoning ordinances pertaining to Block A null and void.
The district judge found that the building restrictions superceded the city zoning ordinance and permanently enjoined Plan Corporation from carrying on any action in violation of the restrictions. Plan Corporation has appealed suspensively, and Hargroder has answered the appeal requesting that the ordinance be declared null and void per se rather than merely unenforceable.
The law in Louisiana concerning building restrictions has been well stated by the Supreme Court in the case of Salerno v. DeLucca, 211 La. 659, 30 So.2d 678 (1947):
"It is the well established jurisprudence of this state that where restrictions have been inserted in deeds in pursuance of a general plan devised by the ancestor in title to maintain certain building standards and uniform improvements, such as those here under consideration, they are valid and enforceable. Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641, L.R.A.1916B, 1201, Ann.Cas.1916D, 1248; Hill v. Wm. P. Ross, Inc., 166 La. 581, 117 So. 725; Rabouin v. Dutrey, 181 La. 725, 160 So. 393; and Ouachita Home Site & Realty Co. v. Collie, 189 La. 521, 179 So. 841. These are real rights or covenants that run with the land for the benefit of land owners within the area and to prevent the violation of these restrictions injunction proceedings may be resorted to. See Collie and Queensboro cases, supra, and also Edwards v. Wiseman, 198 La. 382, 3 So.2d 661.
Although these stipulations are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property, whenever differences arise as to the extent or limitation of these restrictions, we must look to the intention of the party encumbering the property from the words used in the stipulations in the deed, consideration being given to the entire context of the instrument rather than to a single phrase or clause, for obviously those acquiring the property in the restricted area were motivated and influenced to purchase the same because of these limitations and they are entitled to the presumption that they will be fairly and faithfully complied with."
See also Bruce v. Simonson Investments, Inc., 251 La. 893, 207 So.2d 360 (1968); Alfortish v. Wagner, 200 La. 198, 7 So.2d 708 (1942); Beyt v. Woodvale Place Apartments, 297 So.2d 448 (La.App.3rd Cir. 1974), writ refused 300 So.2d 840; A. Yiannopoulous, Civil Law Property Section 104; LSA-C.C. Articles 709, 728.
*466 When enacted, the building restrictions executed by Mr. Amy in the instant litigation were obviously valid on their face. A survey of the plat introduced into evidence gives an indication of the general, logical scheme intended by the original subdivider. The record indicates that the restrictions were recorded, as required, prior to the sale of any lots in Highland Heights Subdivision by Mr. Amy.[1] Thus since said restrictions were valid when enacted, we must now address ourselves to a determination of their current efficacy.
Defendant contends that the zoning ordinances enacted by the city of Eunice altering the designation of the property in question from R-1 to B-1 override and supercede the building restrictions. With this contention we must disagree. The adoption of zoning ordinances has no effect upon pre-existing, valid building restrictions. See Alfortish v. Wagner, supra; Oak Ridge Builders, Inc. v. Bryant, 252 So.2d 169 (La.App.3rd Cir. 1971), writ refused 259 La. 945, 253 So.2d 384; Olivier v. Berggren, 136 So.2d 325 (La.App.4th Cir. 1962).
Defendant also contends that numerous other violations of the building restrictions at issue have occurred and that same have operated as a waiver or abandonment of the general scheme by individuals living within the restricted area. It is true that some violations have occurred within Highland Heights Subdivision. The majority of said violations are in the form of the existence of numerous temporary buildings erected but not attached to main dwellings. Most of these structures are in the nature of small metal buildings typically used for the storage of lawn implements and the like. In addition plaintiff himself built a three-car garage which is clearly in contravention of the restrictions. Furthermore, a number of the homes in Highland Heights Subdivision were built in violation of a certain restriction that all homes be a specified minimum distance apart.
Under our law the rights to enforce building restrictions can be lost or relinquished by acquiescence or failure of landowners to object to continuous or multiple violation of the restrictions. However, generally speaking, toleration of minor violations by landowners does not operate as waiver or abandonment of the entire schedule. See Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1960); Edwards v. Wiseman, supra; Hill v. William P. Ross, Inc., 166 La. 581, 117 So. 725 (1928); Fortson v. Lawrence, 254 So.2d 115 (La.App.3rd Cir. 1971), writ refused 260 La. 280, 255 So.2d 769.
In the recent case of Mouille v. Henry, 321 So.2d 377 (La.App.3rd Cir. 1975), we set forth the following guidelines:
"To determine whether building restrictions have been waived, there are three areas of consideration. The number of violations, there character, and the adverse reaction of property owners to those violations. The proponent of waiver must establish a preponderance in all three."
A very clear distinction can be made between the nature of violations previously tolerated by the residents of Highland Heights Subdivision and the type of activity undertaken by the defendant, Plan Corporation. All previous violations were of a minor nature, and none contravened the "Residential Only" provisions. On the other hand, the activities of Plan Corporation are of a purely commercial nature and as such tend to destroy the basic scheme of development intended by the original subdivider and enforced via the restrictions. For this reason, we find that the landowners in *467 Highland Heights Subdivision (including plaintiff) have not waived the protections afforded them by the "Residential Only" restriction and that they still retain the right to enforce same.[2]
Defendant further complains that Blocks I, J, K, L, M, N, O, and P, were sold to the St. Landry Parish School Board and that same were used for the building and operation of an elementary school. We note, briefly, that these blocks were never included in the original restrictions nor in the amendments thereto. A study of the plat of the subdivision indicates that the above referred to area consists of approximately one-half of the subdivision and that all of the blocks are in the same area. The property sold to the School Board is a clearly separate and distinct as well as cohesive portion which is self-contained, not infringing upon any other part of the subdivision. We find nothing in the record to indicate that Mr. Amy's sale of this property evinced any intent upon his part to abandon the general scheme, especially in light of the fact, as above referred to, that said property was never included within the restrictions.
Defendant also argues that injunctive relief is an improper remedy in the instant situation. Our state's jurisprudence historically and consistently holds that actions to enforce building restrictions may be brought via injunction. See Alfortish v. Wagner, supra; Edwards v. Wiseman, supra; Robinson v. Morris, 272 So.2d 444 (La.App.2nd Cir. 1973); Oak Ridge Builders, Inc. v. Bryant, supra. See also Salerno v. DeLucca, supra.
Defendant further contends that the doctrines of equitable estoppel or laches should operate to bar prosecution of plaintiff's actions. Defendant's claim is based upon allegations that plaintiff allowed the former to undertake considerable expense and construction before attempting to enjoin such activity. The record indicates that, except for the original purchase price of the land itself, defendant had expended only a few hundred dollars in construction costs prior to the institution of this suit. This finding is based upon a number of invoices introduced by the defendant at trial. Thus, we find the doctrines of equitable estoppel and laches inapplicable to the factual situation presented herein.
In answering the appeal, plaintiff requests that the judgment of the trial court be amended so as to declare the City of Eunice's zoning ordinances applicable to Block A of Highland Heights subdivision null and void. The judgment of the trial court simply declared unenforceable any city ordinances enacted subsequent to and in conflict with the valid building restrictions in effect regarding Block A of Highland Heights Subdivision. We find that the judgment of the district court affords adequate protection to plaintiff herein and decline to amend same. LSA-C.C.P. art. 2164.
Furthermore, the possibility exists that at some time in the future, pursuant to the provisions of LSA-R.S. 9:5622, the owners of a majority of the square footage of the land contained in Highland Heights Subdivision may vote to lift any or all of the building restrictions in force for their area. When and if such an event occurs, any impediments to the operation of the city zoning ordinance may be removed. In the meantime, we reiterate that plaintiff's rights are adequately safeguarded by the judgment of the district court.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs of this appeal shall be assessed equally against plaintiff, Howard H. Hargroder, and defendant, Plan Corporation.
AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM.
Both parties have applied for a rehearing. Plaintiff-appellee-appellant, Howard H. *468 Hargroder, suggests that the following language, found in the body of the majority opinion, is inapplicable to the facts presented by this litigation:
"Furthermore, the possibility exists that at some time in the future, pursuant to the provisions of LSA-R.S. 9:5622, the owners of a majority of the square footage of the land contained in Highland Heights Subdivision may vote to lift any or all of the building restrictions in force for their area. When and if such an event occurs, any impediments to the operation of the city zoning ordinance may be removed. In the meantime, we reiterate that plaintiff's rights are adequately safeguarded by the judgment of the district court."
After reconsideration we are of the opinion that the above quoted language is dictum and as such was improvidentially employed in the majority opinion. Accordingly, same is hereby deleted.
We have considered all other contentions in both applications for rehearing and find no merit therein.
For the reasons assigned the above quoted language is deleted from the original opinion. The applications for rehearing are otherwise denied.
NOTES
[1] Defendant complains that a sale of lots was made by Mr. Amy to Henry DeMay, et ux, on June 6, 1956, prior to the adoption of the amendments (November 1, 1956), and defendant's counsel has attached a copy of the act of sale to his supplemental appellate brief. While this evidence is not properly in the record, we address ourselves to the issue merely to lay the matter to rest.

We note that the sale from Amy to DeMay was of lots "11" and "12" of Block "C". Since Blocks A, C, and E were covered by the original restrictions (enacted May 28, 1956) these lots obviously were not sold "unrestricted" as defendant contends.
[2] We are concerned primarily with defendant's contention that the residents of Highland Heights have waived their rights to enforce the "Residential Only" restriction. We express no opinion relative to the restrictions other than "Residential Only".