SAVOIE, Judge.
Defendants appeal the trial court’s issuance of a preliminary injunction prohibiting the display of any signs on their lots other than those permitted in the subdivision building restrictions. We affirm.
All parties to this suit are residents of Bon Lieu subdivision in Ascension Parish, Louisiana. Prior to the institution of this action, each of the defendants erected signs, approximately 18 inches by 30 inches in size, in their yards which read “We have the right to clean water,” Plaintiffs brought this action, seeking to have those signs removed since they violated the subdivision restrictions.
The subdivision restrictions provide in pertinent part:
14. SIGNS: No sign of any kind shall be displayed to the public view on any lot except one professional sign of not more than one square foot, one sign of not more than five square feet advertising the property for sale or rent, or signs used by a builder to advertise the property during the construction and sales period.
The trial court found the signs erected by defendants to be in violation of the subdivision restrictions. The trial court also found that the subdivision restrictions did not infringe upon defendants’ right of free speech. Thus, the removal of all signs in violation of the subdivision restrictions was ordered and defendants were enjoined from erecting any similar signs.
ASSIGNMENTS OF ERROR
Defendants argue that the trial court erred in:
1. interpreting the restrictions to include non-commercial signs:
2. not declaring the restriction abandoned insofar as signs of a political or free speech nature are prohibited; and
3. enforcing an unconstitutional subdivision restriction.
1.
Defendants argue that the subdivision restrictions only prohibit the display of commercial signs.
In suits in which the scope of building restrictions is at issue, the court must seek the intention of the party encum *266 bering the property. Consideration must be given to the entire context of the instrument rather than to a single phrase or clause. Those acquiring the property in the restricted area are entitled to the presumption that the restrictions will be fairly and faithfully complied with. Salerno v. DeLucca, 211 La. 659, 30 So.2d 678 (1947); Faust v. White, 442 So.2d 576 (La.App. 1st Cir.1983).
Any doubt as to the existence, validity, or extent of subdivision restrictions is resolved in favor of the unrestricted use of the immovable. La.C.C. art. 783. We find the terminology of paragraph 14 to be clear and unambigious. No sign of any kind may be displayed to the public view other than those specifically mentioned.
The intent of the parties is to be determined by the words of the contract, when they are clear, explicit and lead to no absurd consequences. La.C.C. art. 1945. One of the purposes of this restriction was to prevent the subdivision from becoming cluttered by signs in the yards of residents and to thus maintain the esthetic beauty of their subdivision. We do not find this to be an absurd consequence.
This assignment is without merit.
2.
Defendants also allege that this restriction has been abandoned insofar as related to political and free speech signs. This allegation is supported by the fact that many residents have erected signs in support of various political candidates without objection from anyone.
Generally, insubstantial, technical or infrequent violations will be given little effect and the property owner against whom abandonment[1] is asserted must have known of the alleged violations or have had a duty to know. Also, there is no abandonment of subdivision restrictions unless violations have been such that there has been a subversion of the original scheme of the. subdivider’s, resulting in a substantial change in the intended nature of the subdivision. (citations omitted). Faust v. White, supra at 578.
The trial court found there had been no abandonment. The trial court further found that had there been an abandonment of the restriction insofar as political signs, the signs displayed by defendants would not have been included in the abandonment because they are of a different nature. We agree with the trial court.
This assignment is without merit.
3.
Finally, defendants argue that the subdivision restriction is unconstitutional because it restricts free speech.
Building restrictions are charges imposed on property as part of an over all plan to provide a means of insuring the lasting esthetic and monetary value of the property. The restrictions at issue were properly recorded in the public records of Ascension Parish prior to the acquisition of any lot by any of the defendants. By virtue of the public records doctrine, an acquirer of immovable property burdened with recorded restrictions is presumed to have notice of the restrictions. Defendants voluntarily purchased their respective lots in Bon Lieu subdivision and in so doing, acceded to the provision of the subdivision building restrictions.
Building restrictions by their very nature tend to deprive property owners, in whole or in part, of real or personal rights. In exchange for giving up some rights, the owners know that the integrity of their subdivision will be preserved. Thus, while the restrictions may at times seem burdensome, they inure to the mutual benefit of all residents of the subdivision.
We find no constitutional issue is raised by the building restrictions at issue and thus need not consider the question posed *267 by defendants. It is long standing judicial principle that courts will not consider constitutional challenges unless necessary to the resolution of a dispute Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13, 23. (La.1981).
This assignment of error is without merit.
AFFIRMED.
SHORTESS, J., dissents and assigns reasons.

. La.C.C. art. 782
Building restrictions terminate by abandonment of the whole plan or by a general abandonment of a particular restriction. When the entire plan is abandoned the affected area is freed of all restrictions; when a particular restriction is abandoned, the affected area is freed of that restriction only.