BOLIN, Judge.
Plaintiff, Maynard Cush, obtained a preliminary injunction prohibiting South Acres Missionary Baptist Church and Samuel R. Wiley from constructing a church building on property located in the same subdivision in'which plaintiff owns and maintains his residence and defendants appeal.
Plaintiff alleges that Wiley proposes to ■sell this property to the church for the purpose of constructing the church building; that the construction and use of this property for church purposes would violate certain restrictive convenants affecting the subdivision which were placed of record in September 1940. The pertinent part of the restrictive covenants is:
“All of such property hereinabove described shall, at all times, be used exclusively for residential purposes and at no time shall any part thereof be used for commercial purposes * * * ”
In answering the rule for a preliminary injunction defendants denied the proposed construction would violate the restrictive covenants and additionally affirmatively alleged numerous violations of the covenants so as to constitute an abandonment or waiver of the restrictions on the entire subdivision. Prior to trial defendant also filed a plea of liberative prescription of two years under Louisiana Revised Statute 9:5622, contending the restrictive covenant affecting the property in litigation had been violated on numerous occasions, all in excess of the prescriptive period, resulting in the freeing forever of the particular tract from the covenants. For oral reasons the plea of prescription was overruled and plaintiff was granted the preliminary injunction.
We find the lower court committed error in overruling the plea of prescription and for this reason we shall limit our opinion to this question. Louisiana Revised Statute 9:5622 provides:
“A. Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.” (Emphasis supplied.)
On trial of the rule nisi plaintiff introduced documents reflecting the creation of the subdivision by Mr. Ed Jacobs; imposition of building restrictions by separate document filed with the plat; deed of transfer from Mr. Jacobs to Mr. McKinley conveying all of Lot One and part of Lot Two of the 16-lot subdivision. After this sale, Lot One and the west half of Lot Two were re-subdivided and Wiley deeded 250 feet, fronting on Walker Road, to Rutledge, who later sold to Cush. Each of the aforementioned deeds contained reference to the building restrictions. Originally the lots in Ed Jacobs subdivision measured 165 feet, fronting on Meriwether Road, by 1295 feet in depth. Pictures were introduced into evidence by plaintiff showing the wooded appearance and apparent residential nature of the property.
In support of the plea of prescription, evidence was presented tending to prove three violations of the restrictions by use of the property for commercial purposes, each continuing for more than two years on the entire tract involved herein.
Evidence concerning the first of such violations consisted of circumstantial evidence and the testimony of Mr. Younker who at one time owned Lots 9, 10 and 11. Mr. Younker testified he had personal knowledge of the existence of a 20 by 59 foot chicken brooder on the property while it was owned by Mr. McKinley and, further, that on sunny days he had observed numerous chickens within the fenced area. Wiley testified he purchased the property from McKinley because of the location thereon of the large chicken house which he intended to, and did, convert into a dog kennel. Neither Younker nor Wiley had personal knowledge of sales of chickens by McKinley *790 but both assumed the latter raised chickens to be sold commercially. Younker testified that although he had personal knowledge of certain types of chicken houses and would estimate that this was a 1000-chicken brooder, nevertheless he did not know the actual count of the chickens raised there. He stated he did not know whether anyone unacquainted with such houses would have recognized this one as a commercial type house.
Evidence as to the second violation was the testimony of Wiley that he purchased the property and fenced certain areas for dog runs, concreted the floor of the chicken house, divided it into separate pens and rooms and raised Doberman Pinschers. He was a member of the Shreveport Kennel Club and exhibited his dogs at shows; advertised in the daily papers and in dog magazines and sold his animals to individuals. However, there were no advertising signs on the property. He estimated his gross income from such sales varied from a few hundred dollars to a $1,000 a year for the four-year period from 1956 to 1960. However, he was a fulltime geologist and his income tax returns reflected no profit from his kennel.
There was also testimony as to a small kennel having been operated by Mr. Rutledge in connection with his home. ■ We find this violation is not supported by the evidence.
From the foregoing uncontradicted facts we concludé that the property involved in this litigation has been used on two separate occasions for a period in excess of two years for commercial purposes.
Plaintiff cites the case of Olivier v. Berggren (La.App. 4th Cir., 1962), 136 So.2d 325, for the rule of law that the violation of a restrictive covenant forbidding the use of property for commercial purposes would not free the property from other restrictions. In the cited case there were two separate covenants at issue, one prohibiting the use of any of the lots “except for residential purposes”, and another that “No building shall be erected * * * on any lot other than one detached single-family dwelling * * There was language in the opinion to the effect that defendant’s, violation of the residential-use restriction for the prescriptive period only released the property for commercial use but would not release it from the effect of the separate covenant relative to the one detached single-family dwelling. The case is inapposite to the instant case because of the difference in the wording of the covenants. Assuming arguendo that the covenant in this case is two-fold, i. e., exclusively residential and non-commercial, the second is superfluous, because it is impossible to use property for commercial purposes and at the same time use it for “exclusively residential” purposes.
The cited statute provides that continuous violations for a period of two years frees the land “from the restriction which has been violated.” Applying the prescriptive statute to these facts we conclude that the entire quoted restriction was violated since the property was not used exclusively for residential purposes and therefore the particular parcel of land is forever free from the restriction which has been violated.
For the reasons assigned the judgment appealed from granting the preliminary injunction is annulled and set aside; the plea of prescription filed by defendants is sustained and plaintiff’s demands are rejected, at his cost.
Reversed.