SAMUEL, Judge.
This is an appeal from a judgment enjoining Gulf Oil Corporation from building a service station on two lots located in Haydel Heights Subdivision in the City of New Orleans.
Plaintiffs, six landowners in the subdivision, sought the injunction on the throry that the property is restricted by title to residential use. There are two defendants: P. & W. Developing Corporation, owner of the land; and that' corporation’s lessee, Gulf. (Price Bowen and William Bowen were originally named defendants as owners. However, they had transferred title to P. & W. Developing Corporation before suit was filed. For that reason they were dismissed from the suit on exceptions of no right or cause of action.) The remaining two defendants admitted construction of a service station was underway; but pleaded the prohibition against “erecting or maintaining commercial establishments” on the property contained in the title was no longer binding on the defendant owner. Among the defenses raised and pleaded was that the land had been freed of any restriction by use thereof for commercial purposes for a period in excess of two years.
After trial on the merits, the lower court held the title restriction was still binding and accordingly issued the writ of injunction prayed for by plaintiffs. Defendants have appealed.
*370 In this court defendants have advanced four separate arguments, the validity of any of which would warrant our recalling the writ issued by the lower court. Because we find merit in the one mentioned above, prescription, we will limit our discussion to that meritorious contention. In support thereof defendants cite LSA-R.S. 9:5622, which provides in part:
“A. Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.” LSA-R.S. 9:5622.
The property in suit, designated as Lots 1 and 2, Square 1, Haydel Heights Subdivision, fronts on the Chef Menteur Highway and is within one block of the intersection of Interstate 10. The restriction in the title reads:
“No commercial establishment, nor dairy, nor noxious or offensive establishment shall be erected or maintained thereon;
The property adjacent to and east of defendant owner’s tract is owned by Adam Haydel, the original subdivider and one of the plaintiffs herein. That property is not restricted. Haydel has leased it to a trailer sales company which has operated continuously at least since 1964. Haydel’s lessee, with the consent of defendant owner’s officers, has used part of defendant owner’s property since 1964 in connection with the operation of its trailer sales business. The record contains photographs, taken at various times between 1964 and 1968, which establish that trailers have been partially parked on defendant’s property in connection with the trailer sales business. This suit was filed on August 9, 1968. In addition, the trailer sales firm continuously used a portion of the defendant owner’s lot to move trailers onto and off its leased property from the highway. For this purpose the firm used a shell roadway curving from the highway and crossing the southeast corner of defendant owner’s property into Haydel’s lot where the trailer business is and was conducted.
Although the trial court found as a fact the trailer sales company did use the defendant owner’s property to the extent described above, it concluded this did not violate the restriction because it did not amount to the erection of a commercial establishment.
We do not agree with this conclusion. As we read the restriction, it was designed to prevent, not only construction of a building or structure from which a commercial venture would be conducted, but also to prohibit the use of the property for any commercial purpose. As defendant’s title prohibits “commercial establishments from being erected or maintained”, this restriction was violated by plaintiff’s lessee in using defendant’s land as an entrance-exit for his business and in partially parking trailers thereon, a use known to plaintiffs. We conclude this action is prescribed and the two lots in suit are free from the restriction under the provisions of LSA-R.S. 9:5622.
Our conclusion is supported by Salerno v. DeLucca, 211 La. 659, 30 So.2d 678. In that case the court was required to decide whether the erection of a sign or billboard constituted a violation of a restrictive covenant against “business establishments”. It had been maintained on the property continuously for more than two years prior to suit being filed. In concluding this did violate the restrictive covenant and its presence for more than two years operated to free the land so used from its title restriction against commercial use, the court pointed out that building restrictions are stricti juris and any doubt should be resolved in favor of the unencumbered use of the property.
In the instant case, the property at issue was more fully used to maintain the opera *371 tion of the adjacent trailer sales company than was the tract in Salerno used commercially.
For the reasons assigned, the judgment appealed from is annulled and reversed, and it is now ordered that there be judgment in favor of the defendants and against the plaintiffs, dissolving the writ of final injunction herein issued and rejecting and dismissing the demands of plaintiffs. Plaintiffs are to pay all costs.
Reversed and rendered.