KLIEBERT, Judge-
Plaintiffs, Mr. and Mrs. L. J. N. duTreil, Mr. and Mrs. Ralph E. Brandt, Mr. and Mrs. Joseph G. Stassi, Mr. and Mrs. Britt Davis, Mr. and Mrs. Allen Bolotte, Mrs. Gerard F. Meehan, and Mr. and Mrs. Richard J. Bor-ner (hereafter plaintiffs or property owners), owned property in Cherokee Court Subdivision, Jefferson Parish, sued Mr. and Mrs. John T. Curtis, defendants (hereafter Curtis), to enjoin them from violating the restrictive covenants imposed on lots in the subdivision by the developer. The primary covenants plaintiffs contend were being violated are:
C-l. LAND USE AND BUILDING TYPE. No lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling not to exceed two and one-half stories in height and a private garage for not more than two cars, and other appropriate outbuildings.
C-4. BUILDING LOCATION. No building shall be located on any lot nearer to the front lot line or nearer to the side street line than the minimum building set back lines shown on the recorded plat. In any event no building shall be located on any lot nearer than 25' to the front lot line or nearer than I2V2' to any side street line. No building shall be located nearer than 5' to an interior lot line, or 25' to the rear lot line. For the purpose of this covenant eaves, steps, open porches and carports shall not be considered as a part of a building on a lot to encroach upon another lot.
The plaintiffs contended the covenants were being violated because the defendants had paved the entire perimeter of the lots and were using the lots for parking buses and cars in connection with the operation of the school.
John T. Curtis is the principal and originator of John Curtis Christian School.[1] The school and its athletic field is adjacent to Lots 1 and 2, Square 1, of Cherokee Court Subdivision. The defendants admitted acquiring Lots 1 and 2 in August, 1978. They deny that their present use of the property is a violation of the covenants. Alternatively, they urge an exception of prescription grounded in Article 781 of the Civil Code and R.S. 9:5622 and the factual contention that the lots had been used as a parking area for more than two years prior to the time suit was instituted.
The trial judge concluded the “paving of a parking area to be used in connection with the defendants’ school and the actual use of same violates the restrictions placed on the land” because “. .. a paved, heavily used, parking area for school and related purposes is not residential use of the property.” Then, based on Article 781 of the Civil Code, he maintained the exceptions of prescription because “. . . the lots in question had been used on a regular basis for public parking purposes, even prior to the paving of the lots for a period in excess of two years ... and ... witnesses for both the plaintiffs and the defendants convinced the court that there was a noticeable parking usage on the lots on a regular basis since 1971 ...”
The plaintiffs appealed urging as error the trial judge’s finding that the lots had been used on a regular basis for public *336 parking purposes for more than two years and his failure to hold the construction of the concrete slab (it had been constructed for less than two years) was a violation of the covenants.
The force of defense counsel’s argument is directed towards the words “Noticeable” contained in Article 781 of the Civil Code which reads as follows:
“No action for injunction or for damages on account of the violation of a building restriction may be brought after two (2) years from the commencement of a noticeable violation. After a lapse of this period, the immovable on which the violation occurred is freed of the restriction that has been violated.”
In essence, he argues that for the violation to be noticeable, it must be continuous, intentional and without complaint or objection. Since the use of the lots for parking automobiles prior to the construction of the concrete slab was intermittent he argues it was not noticeable and hence prescription did not commence to run until the cement slab for use in parking was constructed. We find no merit in this argument.
Defendants’ witnesses were familiar with the area and in general testified that the parking took place on the lots on most school days and on holidays and during the summer school vacation, particularly when there were athletic activities at the John Curtis School or activities at the nearby Saint Matthew School or Church. Most of the plaintiffs’ witnesses admitted to some parking on the lots or on the shoulders, of people getting stuck on the lots and of neighbors complaining to public officials about the parking years before this suit was instituted. This testimony satisfied the district court and satisfies us that the use of the lot for public parking was noticeable to anyone familiar with the area or who took the time to inquire into the question.
This court was faced with a similar situation to that presented here in LeBlanc v. Bowen, 238 So.2d 369 (La.App., 4th Cir. 1970). In the LeBlanc case, the lots were adjacent to a trailer sales company. The company used part of the lots in connection with its business by parking trailers on the lot and by moving trailers from the highway to its place of business over a shell roadway which crossed over the lots. Since the covenant was a prohibition against using the property for a commercial establishment, this court concluded that the use of the lots in the manner above stated was in fact commercial use and hence a violation of the covenant. Accordingly, it reversed the trial judge and dismissed the plaintiffs’ suit on the basis of prescription. Here the covenant is a prohibition against using the property for other than a residential purpose. As properly concluded by the trial judge, the use of the property for public parking in connection with the operation of a school is a non-residential purpose and therefore a violation of the covenants. The violation is noticeable and has been in existence for more than two years, hence, the cause of action to abate the violation, that is, the public parking on the lots, is prescribed. Civil Code Article 781 and R.S. 9:5622. The hard surfacing of the lots by the construction of a cement slab for use in parking is not a building as that term is used in the covenants, hence, the set back lines for buildings does not apply to the cement slab.
Accordingly, the judgment of the trial judge is affirmed. All costs of the appeal to be borne by the plaintiffs.
AFFIRMED.

. The school is not in the Cherokee Courts Subdivision and, hence, not subject to the covenants in question here.