|, WILLIAMS, J.,
concurring.
I respectfully concur. I write-separately to reiterate the position that the defendants’ use of the subdivision lot as an access road does not constitute a “residential purpose” and thus is a violation of the building restrictions, regardless of the number of houses planned for the property located outside of the subdivision.
Paragraph one of the declaration of restrictions states: “No lot shall be used except for residential purposes.” The plaintiffs demonstrated that valid building restrictions were created by the ancestor in title pursuant to a general plan with the intent that the subdivision lots would be used for residential purposes only.
Defendants argue that because the instrument creating the restrictions does not define the term “residential purposes” and is silent concerning use of subdivision lots as roads, this omission allows the use of the property as a roadway. However, this argument is not supported by a reasonable reading of the express language of the restrictions.
Although the restrictions do not expressly prohibit the use of a subdivision lot as a roadway, the designation of all lots as “residential” effectively bars the use of subdivision property for any purpose other than to construct a residence. Concord Estates Homeowners Assoc. Inc. v. Special Children’s Foundation Inc., 459 So.2d 1242 (La.App. 1st Cir.1984). Giving the word residential its plain and ordinary meaning, I conclude that the subdivision lot in question cannot be used solely as a means of passage. This conclusion is consistent with the building | ¡.restriction language limiting construction on the subdivision lots to “one single-family dwelling.”
A reading of the building restrictions as a whole demonstrates that the general plan adopted by the subdivision contemplated the creation of a residential neighborhood with relatively large lots, comparable-sized homes and reduced traffic. The unreasonably strained interpretation of the building restriction language em *791 ployed by the defendants and the trial court circumvents the legitimate purpose of the subdivision’s general scheme. Consequently, I conclude that the defendants’ use of Lot 12 as an access road, or for any purpose other than the construction of a single-family residence, constitutes a prohibited violation of the building restrictions.